FILED
MAR 04 2013

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-62444-ASW |
| ANDREW R. BOSQUE and ALMA R. BOSQUE, | |
| | Chapter 13 |
| Debtors. | |
| DONATO TAA, | Adv. Proc. No. 11-5020 |
| Plaintiff, | |
| vs. | |
| ANDREW BOSQUE, | |
| Defendant. | |

**DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Plaintiff Donato Taa's renewed motion for summary judgment, which Defendant Andrew Bosque opposes. Neither party is represented by counsel. Therefore, the Court has construed the parties' filings liberally in accordance with <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). For the reasons which follow, Plaintiff's motion for summary judgment is granted in part

and denied in part.

## I. Issue Presented

In this case, Plaintiff seeks a determination that Defendant's debts to Plaintiff are non-dischargeable pursuant to §§ 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code. The debts allegedly consist of money awarded to Plaintiff in a Decision and Order of Involuntary Inactive Enrollment (hereafter, "the Recommendation")[1] issued December 3, 2008 by the State Bar Court, money awarded in a separate default judgment entered by the Santa Clara County Superior Court on September 17, 2010, in the amount of $297,117.42, and additional attorney's fees which Plaintiff paid to Defendant. The alleged debts arose within the context of an attorney-client relationship between Plaintiff (the client) and Defendant (a former attorney who represented Plaintiff in a state court action).

Plaintiff contends that the Recommendation (which contained factual findings under a clear and convincing standard) and the default judgment (which contained no factual findings at all) should be given preclusive effect and entitle Plaintiff to judgment as a matter of law on Plaintiff's non-dischargeability claims. Plaintiff also seeks summary judgment on a freestanding fraud claim, and requests an award of actual and punitive damages. Plaintiff further requests that the Court revoke the order of confirmation dated October 21, 2011 in Defendant's main bankruptcy

---

[1] The Court refers to this decision as a Recommendation because the State Bar Court made a recommendation to the California Supreme Court that discipline be imposed. The Recommendation was issued by the State Bar Court after a trial which Defendant did not attend, despite having received notice of the trial.

case under 11 U.S.C. § 1330.

Plaintiff filed a supplemental trial brief addressing these issues and renewing Plaintiff's request for summary judgment on November 14, 2012. The proof of service, however, indicates that the trial brief was served upon Defendant's bankruptcy counsel, not upon Defendant. This glitch in service prompted a response from Defendant asking the Court to order Plaintiff to serve the trial brief on Defendant, and requesting an extension of time to file a response.[2] Plaintiff filed a reply opposing any extension of time, and stating that a courtesy copy of Plaintiff's brief had been sent to Defendant. This led to another filing by Defendant asserting that Defendant had not received a copy of Plaintiff's brief, and yet another reply from Plaintiff stating that an additional copy of the brief was mailed to Defendant as of December 14, 2012. Defendant then filed another response stating that Defendant received Plaintiff's brief on December 15, 2012, and again requested an extension of time to file a substantive response brief. Plaintiff filed another opposition to any extension.

Defendant ultimately filed a response brief -- but no declaration or other evidentiary materials -- on January 15, 2013, addressing the substance of Plaintiff's motion to a limited degree. Defendant asserts that Plaintiff has not established that Defendant committed fraud, or that the requirements for collateral estoppel are satisfied.[3] Defendant also contends that Defendant provided

---

[2] The Court ordered Plaintiff's brief to be filed by November 14, 2012, Defendant's response brief to be filed by December 3, 2012, and Plaintiff's reply brief to be filed by December 20, 2012.

[3] Defendant also asserts that Plaintiff failed to timely file a claim in the main bankruptcy case. However, the Court has already
(continued...)

legitimate legal services to Plaintiff for which Defendant was entitled to payment in the amount of $25,200.00. Defendant also appears to argue that the State Bar Court is the real party in interest, because Defendant paid funds (of an unspecified amount) into the State Bar Trust Fund.

Plaintiff has not filed a reply. However, on February 7, 2013, Plaintiff filed an Ex Parte Application for Limited Stay of Proceedings, asking the Court to stay this proceeding for a temporary period of time under "L.R. 7-10."[4] Plaintiff asserts that all members of Plaintiff's family have been ill with the flu, and that Plaintiff's daughter has a debilitating illness which requires Plaintiff's care. Plaintiff's Application does not request additional time to file a reply in support of the motion for summary judgment, nor has Plaintiff addressed any issues of substance which are presented by the motion for summary judgment. Instead, it appears that the focus of the Application is to postpone the trial of Plaintiff's claims until after the members of Plaintiff's family return to good health. Because the Court does not anticipate the trial to resume on any particular date and plans to schedule the trial on a date on which the parties are available, it does not appear that any stay of the proceedings is required.

---

[3](...continued)
ruled in the main bankruptcy case -- and Defendant's bankruptcy counsel agreed -- that Plaintiff's Complaint in this adversary proceeding satisfied the requirements for an informal proof of claim. In an Order issued January 28, 2013, the Court clarified that Plaintiff's claim will be allowed as an unsecured claim in the amount of $380,532.00.

[4] The reference to "L.R. 7-10" appears to be a reference to Local Rule 7-10 for the District Court of the Northern District of California. Such rule is not applicable to bankruptcy cases or proceedings. See B.L.R. 1001-2(a).

However, Plaintiff may notice the motion for hearing if desired.

Although the parties have not adhered to the briefing schedule ordered by the Court, there is fault on both sides in this regard. The proof of service attached to Plaintiff's November 14, 2012 brief does not show service on Defendant. To be clear: Defendant is not represented by counsel in this adversary proceeding. Plaintiff must serve any filings in this adversary proceeding on Defendant, directly, not on Defendant's bankruptcy counsel. Defendant, too, is somewhat to blame for the delay. After receiving Plaintiff's trial brief in mid-December, Defendant waited a full month to file a response, assertedly because of illness. Regardless of the reasons for the delay, the Court will consider everything the parties have filed with respect to the issues presented in Plaintiff's renewed request for summary judgment.

## II. Standard of Review

Summary judgment shall be rendered by the Court if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 584-85 (1986). All reasonable inferences must be drawn against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The Court may not weigh the evidence or make credibility determinations. See Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir.

2011).

Material facts are those that may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for the trier of fact to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).

Where the moving party has the burden of proof at trial -- as Plaintiff does here -- the movant must affirmatively demonstrate that no reasonable trier of fact could find for the Defendant. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the movant makes such demonstration, but the non-moving party demonstrates that there is a genuine dispute as to a material fact, then summary judgment may not enter.

### III. Analysis

#### A. Issue Preclusion

Plaintiff's motion for summary judgment rests entirely upon a request for the Court to give preclusive effect to the Recommendation -- as followed by the California Supreme Court -- and to a separate default judgment entered by the Santa Clara County Superior Court. Issue preclusion, also known as collateral estoppel, applies in bankruptcy proceedings. Grogan v. Garner, 498 U.S. 279, 284-85 (1991). Under the Full Faith and Credit statute, 28 U.S.C. § 1738, a federal court must give the same full faith and credit to a properly authenticated state court decision as the state would give it. As a result, the collateral estoppel law of the state in which the underlying ruling was issued controls. Baldwin v. Kirkpatrick (In re Baldwin), 249 F.3d 912, 917 (9th Cir.

2001).

Before a prior judgment is entitled to preclusive effect, five elements must be met. See Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995). There must be a final decision on the merits in the former proceeding; the issue to be precluded must be identical to that decided in the former proceeding; the issue must have been necessarily decided in the former proceeding; the issue must have been actually litigated in the former proceeding; and the party against whom issue preclusion is sought must be the same as, or in privity with, the party in the former proceeding. Id.

Significantly, the State Bar Court's factual findings in the Recommendation were made under a clear and convincing standard. This is important, because in the instant proceeding, the standard is less demanding. The burden is on a creditor to establish claims under § 523(a) by a preponderance of the evidence. See Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009). Consequently, factual findings made under the more rigorous, clear and convincing standard can be given preclusive effect, but only if such findings would compel identical findings under the lesser standard. See United States v. Rylander, 714 F.2d 996 (9th Cir. 1983) ("It is an elementary principle of issue preclusion that it may only be asserted where the burden of proof as to that issue is no greater than it was in the prior proceeding where the issue was decided."); see also 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4422 (2d ed. 2012) ("Wright & Miller"). The reverse, however, is not true; when a party fails to prove a claim under the heightened standard, there is no preclusive

effect for claims pursued under the lower standard. Wright & Miller, § 4422 ("Failure to carry a special burden of persuasion characterized as requiring clear and convincing evidence or some like showing does not preclude a later attempt to prove the same issue by a preponderance of the evidence[.]")

### 1. Final Decision on the Merits

Previously, the Court could not give preclusive effect to the Recommendation because there was no evidence that the Recommendation had become a final decision of the State Supreme Court, and because Plaintiff had not identified the exact issues and facts litigated before the State Bar Court which warranted the entry of summary judgment by this Court. It is now clear that the Recommendation is a final decision on the merits.

A State Bar Court recommendation on attorney discipline is simply a recommendation to the State Supreme Court. It is then the Supreme Court's function to determine whether the attorney should be disciplined as recommended. In re Rose, 22 Cal. 4th 430, 439 (2000). Here, the Recommendation was followed by the State Supreme Court in an en banc Order on June 16, 2009. The Supreme Court did not expressly adopt or affirm the State Bar Court's factual findings, but such adoption is implicit in the Supreme Court's imposition of the recommended discipline which flowed, necessarily, from those factual findings. The Supreme Court's Order became final 30 days later on July 16, 2009. See Cal. Rules of Court 9.18(a). Thus, the Recommendation has become a final order of the State Supreme Court and can be given preclusive effect.

As for the default judgment entered by the Santa Clara County Superior Court on September 17, 2010, the Court reaches a different

result. The document submitted with Plaintiff's brief shows that a
deputy clerk of the Superior Court entered a default, and the
document also appears to be a default judgment in the amount of
$297,117.42. However, depending upon the case, it can be
inappropriate to give preclusive effect to a default judgment. The
California Court of Appeals has ruled that a clerk's entry of
default lacks preclusive effect, stating: "A clerk's entry of
default possesses none of the characteristics of a preclusive
judgment. It is not final; it is not on the merits; it does not
decide anything; it results from no litigation of any issue.
Indeed it does not adjudicate anything; it is not a judicial act."
<u>Ferraro v. Camarlinghi</u>, 161 Cal. App. 4th 509, 534 (2008). The
<u>Ferraro</u> court also stated that a clerk's default lacks preclusive
effect when it is void for other reasons. <u>Id.</u> In this case, there
is nothing showing that a default judgment was entered by any
judge, or that the default judgment became a final judgment.
Plaintiff has provided no evidence to demonstrate the factual basis
of the default judgment or the claims on which the judgment was
entered. Therefore, the Court will not give preclusive effect to
the default judgment.

### 2. Issues Decided by State Bar Court and California Supreme Court

Plaintiff asks the Court to give preclusive effect to the
State Supreme Court's order requiring Defendant to pay $19,252.00[5]

---

[5] Plaintiff's reliance on the $19,252.00 figure is in error.
The State Bar Court found, among other things, that Defendant
committed acts of moral turpitude involving misappropriation of at
least $19,252.00 in client funds of twelve different personal
injury clients who had been treated by chiropractor Dr. Diana
Scott. Plaintiff was not one of the twelve personal injury
(continued...)

to Plaintiff, and asserts that the findings made in the Recommendation demonstrate that this $19,252.00 debt is non-dischargeable under § 523(a)(2)(A), (a)(4), and (a)(6).

The Recommendation contained several findings of fact, all made by clear and convincing evidence, as well as several conclusions of law. The findings and conclusions in the Recommendation pertained not only to misconduct concerning Plaintiff, but also to Defendant's legal representation of numerous other clients.

With regard to Defendant's representation of Plaintiff, the State Bar Court found that Defendant charged Plaintiff a fee in the amount of $20,170.00 in connection with a state court civil lawsuit asserted by Plaintiff against Modesto Toyota. The State Bar Court concluded that the fee charged by Defendant was unconscionable, the fee was "exorbitant and wholly disproportionate to the services performed, so as to shock the conscience," Defendant had harmed Plaintiff, Defendant had willfully violated Rule 4-200(A) and several other rules of the California Rules of Professional Conduct, and Defendant had recklessly failed to represent Plaintiff with competence.[6] The State Bar Court also concluded that Defendant had committed a separate act of moral turpitude in

---

[5](...continued)
clients. Instead, the Recommendation states that Plaintiff was charged an unconscionable fee of $20,170.00.

[6] The State Bar Court was unable to find, by clear and convincing evidence, that an additional $29,545.00 charged by Defendant to Plaintiff for work done at the Superior Court level was unconscionable. Because the legal standard in this matter is to make findings by a preponderance of the evidence, the State Bar Court's inability to make a finding under the heightened, clear and convincing standard does not bind this Court. See In re Weinberg, 410 B.R. at 35; Wright & Miller, § 4422.

willful violation of Cal. Bus. & Prof. Code § 6106, because Defendant had failed to inform Plaintiff of "the true reason why the [Plaintiff's] appeal was dismissed" -- specifically, that Defendant had failed to timely file the appeal on Plaintiff's behalf -- and Defendant had collected and charged an unconscionable fee for an appeal and petition for Supreme Court review in the Plaintiff's state court matter.  In determining what discipline to recommend, the State Bar Court found that Defendant "flagrantly breached his fiduciary duties to his clients by . . . charging a client an unconscionable fee of $20,170."  The State Bar Court recommended, among other things, that Defendant be required to make restitution to Plaintiff[7] in the amount of $20,170.00 plus 10% interest per annum from November 1, 2002, and that Defendant be disbarred.

The California Supreme Court's June 16, 2009 Order contained no independent findings of fact.  Instead, the California Supreme Court ordered that Defendant be disbarred from the practice of law, and that Defendant make the restitution recommended by the State Bar Court.

### 3. Effect of Issue Preclusion in this Case

Pertinent to this non-dischargeability proceeding is the State Bar Court's finding -- upheld by the California Supreme Court -- that Defendant breached his fiduciary duty to Plaintiff by charging an unconscionable fee of $20,170.00, and that Defendant committed an act of moral turpitude by concealing from Plaintiff the true reason why the appeal had been dismissed.  These issues were

---

[7] Alternatively, the State Bar Court recommended that Defendant pay any restitution to the Client Security Fund.

actually litigated and necessarily decided by the State Bar Court. Because Defendant was a party to the proceeding before the State Bar Court, these findings can be given preclusive effect.

The question is whether the findings and conclusions of the State Bar Court entitle Plaintiff to judgment as a matter of law on any claim. Plaintiff's Complaint broadly alleges non-dischargeability of debts under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), as well as a freestanding claim of fraud. Plaintiff seeks to recover attorney's fees paid to Defendant, as well as punitive damages in the amount of $295,450.00, costs, and interest at the rate of 10% per annum. Plaintiff also asks the Court to revoke the confirmation of Defendant's Chapter 13 Plan. The Court will address each of these claims, in turn.

Under § 523(a)(2), a debt for money obtained by fraud is not dischargeable. The State Bar Court did not find that Defendant obtained money from Plaintiff by fraud, only that Defendant concealed facts about Plaintiff's appeal prior to payment of some of the fees for the appeal,[8] and that Defendant was paid an unconscionable fee for the appeal. Therefore, the Court cannot enter summary judgment for Plaintiff on the § 523(a)(2) claim. This does not mean that Plaintiff cannot prevail on a claim under

---

[8] It is not entirely clear from the State Bar Court's findings how much money Plaintiff paid to Defendant after the concealment of facts. According to the Recommendation, Defendant charged Plaintiff $19,560.30 for the appeal. The Recommendation states that Defendant collected $2,500.00 from Plaintiff after the appeal was dismissed as untimely, and collected an additional $610.00 from Plaintiff to file a petition for review with the California Supreme Court. However, the Recommendation also states that Defendant knew that the notice of appeal had not been filed timely when Defendant collected the fees due for the appeal, which would encompass the entire $19,560.30.

this statute at trial. Instead, it means only that the State Bar Court's Recommendation, as followed by the California Supreme Court, does not establish the claim.

Under § 523(a)(4), a debt "for fraud or defalcation while acting in a fiduciary capacity" is not dischargeable. The Court can treat, as established, that Defendant concealed facts from Plaintiff about the reason Plaintiff's appeal was dismissed, and that Defendant was Plaintiff's fiduciary. See Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 379 n.7 (B.A.P. 9th Cir. 2011) (a technical trust supporting a claim under § 523(a)(4) can arise from the attorney-client relationship). Plaintiff has also proven the existence of a debt -- the $20,170 unconscionable fee. However, the State Bar Court found that most of this fee was paid before the appeal was dismissed, and only $3,110.00 was paid to Defendant after the appeal was dismissed. Therefore, it is not clear what specific dollar amount of Defendant's debt, if any, should fall within § 523(a)(4).

Under § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. There are two separate requirements -- the injury must be both willful and malicious. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008).

To be willful, an injury must be deliberate or intentional. Id. at 707-08. Recklessness does not meet this standard. Id. Rather, the actor must intend the consequences of the act, not simply the act itself. Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 60 (1998). The Ninth Circuit specifically requires that the debtor must have a subjective motive to inflict injury or that

the debtor must believe that injury is substantially certain to result from his own conduct. <u>Ormsby v. First Am. Title Co. of Nevada (In re Ormsby)</u>, 591 F.3d 1199, 1206 (9th Cir. 2010), citing <u>Carrillo v. Su (In re Su)</u>, 290 F.3d 1140, 1142 (9th Cir. 2002). The debtor is charged with the knowledge of the natural consequences of his actions, and the bankruptcy court may consider circumstantial evidence that tends to establish the debtor's knowledge. <u>In re Ormsby</u>, 591 F.3d at 1206. To be malicious, the injury must involve: (1) a wrongful act (2) which is done intentionally, (3) necessarily causes injury, and (4) which is done without just cause or excuse. <u>Id.</u> at 1207, citing <u>Petralia v. Jercich (In re Jercich)</u>, 238 F.3d 1202, 1209 (9th Cir. 2001).

Arguably, Defendant's receipt of an unconscionable fee could be both willful and malicious. However, the Court must evaluate Defendant's subjective motivation or belief, which the State Bar Court did not address fully. The Recommendation repeatedly concludes that Defendant willfully violated several different Rules of Professional Conduct, but the basis for such finding of willfulness is not developed in the Recommendation. This Court cannot state, definitively, that the Recommendation compels the conclusion that Defendant's conduct was willful and malicious for purposes of § 523(a)(6). Resolution of this claim is better left for trial.

Plaintiff also asserts a freestanding claim of fraud, premised upon concealment. This claim arises under California law, and consists of the following elements: (1) a misrepresentation, which can include concealment; (2) knowledge of the falsity of the representation; (3) an intent to defraud; (4) justifiable reliance;

and (5) resulting damage. Bower v. AT & T Mobility, LLC, 196 Cal. App. 4th 1545 (2011). The only false representation -- either affirmatively or by omission -- found by the State Bar Court was Defendant's concealment of the reason Plaintiff's appeal was dismissed. Plaintiff has not demonstrated what damages, if any, were caused by this concealment. Therefore, Plaintiff has not established an entitlement to judgment on this claim at this time.

Plaintiff also asks the Court to revoke confirmation of Defendant's bankruptcy plan in the main bankruptcy case. This claim is asserted under 11 U.S.C. § 1330, which states: "(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." Plaintiff commenced this adversary proceeding on January 18, 2011. More than nine months later, the Court confirmed Defendant's Chapter 13 Plan on October 21, 2011. Assuming, without deciding, that Plaintiff's claim to revoke confirmation is timely under § 1330, Plaintiff has offered no evidence with the motion for summary judgment to show that the order of confirmation was procured by fraud. Accordingly, the Court denies, without prejudice, Plaintiff's motion for summary judgment on this claim.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for summary judgment is granted to the limited extent that the Court grants preclusive effect to the factual findings and conclusions of the State Bar Court that Defendant breached his fiduciary duty to Plaintiff by charging an

unconscionable fee of $20,170.00, and that Defendant committed an act of moral turpitude by concealing from Plaintiff the true reason why the state court appeal had been dismissed. These facts and conclusions do not need to be proven at trial, and are deemed to be established for all purposes. However, such findings and conclusions, standing alone, do not entitle Plaintiff to judgment as a matter of law on any of the asserted claims. These claims must be proven by competent, admissible evidence at trial. In all other respects, the motion for summary judgment is denied, without prejudice.

Dated: 3/4/13

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

## Court Service List

Donato Taa
1178 Stellar Way
Milpitas, CA 95035

Andrew Bosque
2924 Prairie Lane
San Jose, CA 95127